IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Childs,                )
                              )
        Petitioner,            )   Case No. 1:00-CV-617
                              )
    vs.                       )
                              )
Harry Russell,                )
                              )
        Respondent.            )

O R D E R

This matter is before the Court on Petitioner Ronald Childs' objections to Magistrate Judge Hogan's Report and Recommendation of September 30, 2002 (Doc. No. 14).  For the reasons set forth below, Petitioner's objections are not well-taken and are **OVERRULED**.

On May 29, 1996, Petitioner was convicted of two counts of aggravated robbery in the Hamilton County Court of Common Pleas and was subsequently sentenced to serve consecutive ten to twenty-five year terms of imprisonment.  On direct appeal, Petitioner's counsel was permitted to withdraw after filing a brief in Petitioner's behalf pursuant to Anders v. California, 386 U.S. 738 (1967).  The Ohio Court of Appeals affirmed Petitioner's convictions and Petitioner failed to perfect an appeal to the Supreme Court of Ohio.

On January 27, 1998, Petitioner filed pro se an application with the Court of Appeals to re-open his appeal pursuant to Ohio App.R. 26(B).  The court denied Petitioner's

application because Petitioner failed to show good cause for his untimely filing.  Petitioner then filed pro se a second application to re-open his appeal which the Court of Appeals denied because there is no provision in Rule 26(B) for the filing of second or successive applications.

On July 31, 2000, Petitioner filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254 which claims that he is being unlawfully and unconstitutionally detained.  In the only ground for relief not barred by the applicable statute of limitations, Petitioner claims that he was denied effective assistance of counsel on both his first and second applications to reopen his appeal.  As the Court understands his argument, Petitioner contends that he was denied effective assistance of counsel on his direct appeal because his counsel was permitted to withdraw from representation, which, according to Petitioner, means he was entitled to counsel in filing both his first and second applications to re-open his appeal.  Essentially, as the Court understands the argument, Petitioner is contending that because he was allegedly denied effective assistance of counsel on his direct appeal and his first application to re-open, his second application to re-open is the equivalent of a direct appeal.

In his Report and Recommendation, Magistrate Judge Hogan found that if Petitioner's application for re-opening were

construed as a post-conviction petition, his claim would not be cognizable in a habeas corpus proceeding. Alternatively, Judge Hogan found that if Petitioner's petition for re-opening were construed as a part of the direct appeal process, then there was no Fourteenth Amendment violation because Ohio law does not provide for successive applications for re-opening appeals. Therefore, Magistrate Judge Hogan recommended that Petitioner's claim for relief be denied and that the Court deny Petitioner a certificate of appealability.

The Court reviews de novo a magistrate judge's report and recommendation on a dispositive issue. Fed. R. Civ. P. 72(b).

Initially, the Court notes that Petitioner was not denied effective counsel on direct appeal when counsel was permitted to withdraw after filing an Anders brief. United States v. Dumersier, NO. 92-4293, 1994 WL 88848, at **3 (6th Cir. Mar. 18, 1994). Petitioner does not claim in his brief that counsel or the Court of Appeals failed to follow the procedures set forth in Anders for allowing appellate counsel to withdraw, which itself could be a basis for a denial of counsel and/or an ineffective assistance of counsel claim. See Penson v. Ohio, 488 U.S. 75 (1988); Freels v. Hills, 843 F.2d 958 (6th Cir. 1988). On the basis of finding that Petitioner was not denied effective assistance of counsel on direct appeal because the court

permitted his counsel to withdraw after filing an <u>Anders</u> brief, the remainder of Petitioner's syllogism necessarily fails.

Although under the Sixth Circuit's analysis of Ohio law, Petitioner was entitled to effective assistance of counsel on his application for re-opening his appeal, <u>Schotten v. White</u>, 201 F.3d 743, 752 (6th Cir. 2000), the Court has already determined that any claim for relief based on Petitioner's first application for re-opening is barred by the statute of limitations. <u>See</u> Doc. No. 5, at 11 (Report & Recommendation); Doc. No. 10 (order adopting Report & Recommendation). Moreover, since Ohio App.R. 26(B) does not provide for second or successive applications to re-open, <u>State v. Peeples</u>, 652 N.E.2d 717, 717 (Ohio 1995), it follows that Petitioner was not denied effective assistance of counsel in filing a second application to re-open his appeal, as the Magistrate Judge correctly reasoned. Any other conclusion would permit prisoners to file an endless series of Rule 26(B) applications, each one of which could be subject to new ineffective assistance of counsel challenges. Very few convictions could then ever be considered final, allowing prisoners to thwart one of the purposes of the Antiterrorism and Effective Death Penalty Act. <u>See</u> <u>Dennis v. Mitchell</u>, __F.3d__, No. 99-4460, 2003 WL 23024775, at *3 (6th Cir. Dec. 29, 2003)("Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences . . . and to further the

4

principles of comity, finality, and federalism.") (quoting Woodford v. Garceau, 123 S. Ct. 1398, 1401 (2003)).

Accordingly, for the reasons stated, Petitioner's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED**. The Court hereby **ADOPTS** Magistrate Judge Hogan's Report and Recommendation. Petitioner's petition for a writ of habeas corpus is not well-taken and is **DENIED**.

The Court will not issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). The Court hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith; therefore, the Court will not grant any request by Petitioner to proceed *in forma pauperis* on appeal. See Fed. R. App. P. 24(a). This action is **CLOSED**.

**IT IS SO ORDERED**

Date January 14, 2004            s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                                    United States District Judge